

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 NOV 29  A 10: 38

CLERK _____
S. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ELTON RIEARA,

    Plaintiff,

vs.

YOLANDA TUBBS, individually and in
her official capacity, and RICHARD L.
CLEMONS, individually and in his
official capacity,

    Defendants.

CIVIL ACTION NO.: CV204-158

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed an action pursuant to 28 U.S.C.A. § 1331 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971). Defendants Tubbs and Clemons[1] ("Defendants") filed a Motion to Dismiss (Doc. No. 8), or in the alternative for Summary Judgment. Plaintiff filed a Response (Doc. No. 20) and Defendants filed a Reply (Doc. No. 22). Plaintiff also filed a Reply (Doc. No. 26). Due to the Court's reliance on documents outside of the parties' pleadings, the Court has construed Defendants' Motion as a Motion for Summary Judgment. For the reasons which follow, Defendants' Motion should be **GRANTED**.

---

[1] In his Complaint, Plaintiff refers to Defendant as "R. Clements." Defense counsel has notified the Court that there is not an Officer R. Clements employed at FCI Jesup. Officer Richard L. Clemons was served with the summons and complaint. (Doc. No. 10, p. 2.)

AO 72A
(Rev. 8/82)

## STATEMENT OF THE CASE

Plaintiff generally asserts that Defendants violated his Eighth Amendment rights, as well as his equal protection rights under the Fourteenth Amendment. Plaintiff alleges that Defendants entered his cell, took his legal materials, and destroyed them. Plaintiff asserts that Defendants conspired and retaliated against him for pursuing his legal rights and because he is not a "Mainland" African-American. (Compl., p. 3.)

Defendants aver that Plaintiff has not exhausted his administrative remedies for his claims. Defendants assert that Plaintiff has not suffered a physical injury as required by the Prison Litigation Reform Act (PLRA). Defendants also contend that they are entitled to official and qualified immunity.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting

2

AO 72A
(Rev. 8/82)

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION OF AUTHORITY

Defendants aver that Plaintiff has not exhausted his administrative remedies. Defendants contend that Plaintiff filed an untimely and improper appeal to the Bureau of Prisons' ("BOP") Central Office. Defendants assert that Plaintiff has not suffered a physical injury which satisfies the PLRA. Defendants also contend that they are entitled to official and qualified immunity.

Plaintiff generally contends that he exhausted his administrative remedies. Plaintiff asserts that he did everything that could be reasonably expected to excuse his untimely grievances. Plaintiff claims that he satisfies the requirements of 42 U.S.C. § 1997(e)

3

requiring a physical injury. Plaintiff argues that Defendants should not be entitled to qualified immunity. Plaintiff alleges that Defendants have perpetrated a "fraud upon the court" and that sanctions should be levied against them. (Doc. No. 26, p. 2.)

Where Congress explicitly mandates, federal prisoners seeking relief under Bivens must first exhaust inmate grievance procedures before filing suit in federal court. Porter v. Nussle, 534 U.S. 516, 524, 122 S. Ct. 983, 988, 152 L. Ed.2d 12 (2002); McCarthy v. Madigan, 503 U.S. 140, 144, 112 S. Ct. 1081, 1086, 117 L. Ed.2d 291, 299 (1992). 42 U.S.C.A. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed.2d 12 (2002), the Court held that exhaustion of available administrative remedies is mandatory. Porter at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed.2d 958 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

Furthermore, "[t]he Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court." Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992). According to these regulations, an inmate can file a grievance with the Warden, and the Warden has 20 days

4

to respond. 28 C.F.R. § 542.15(a). If the inmate is not satisfied with the Warden's response, he may file an appeal with the Regional Director. Id. Finally, if the inmate is not satisfied with the Regional Director's response, he can file an appeal with the General Counsel for the Federal Bureau of Prisons. Id.

After the alleged incident, Plaintiff filed administrative request number ("ARN") #288937-F1. Warden Hobbs denied this request because he found no evidence to support staff misconduct. (Doc. No. 8, Ex. 2.) Plaintiff appealed to the Regional Director approximately two weeks after the required twenty day period to file such an appeal. (Id., Att. A, p. 006; Att. C.) Plaintiff filed an out-of-time appeal requesting leave to file "due to unavoidable intervening circumstances beyond [his] control." (Id., Ex. 10.) The Regional Director granted the request and upheld the Warden's decision. (Id., Ex. 3.) Plaintiff appealed to the BOP's Central Office, but was rejected due to untimeliness and a failure to include a copy of the institution level remedy request. (Id., Att. A, p. 009.) The Central Office also rejected Plaintiff's second and third appeal due to untimeliness and an improper number of pages. (Id., Att. A, p. 009, 019.)

Plaintiff has not established a genuine issue of material fact as to the exhaustion of his administrative remedies. Plaintiff's first two Central Office appeals were rejected because he did not follow BOP regulations and because they were untimely. (Doc. No. 8, Ex. 8, Att. A, p. 009, 012.) Plaintiff has provided a letter from the Administrative Remedy Clerk to the Central Office stating that Plaintiff's second untimely appeal to the Central Office "was [not] entirely his fault" and suggested that his appeal be reviewed and reprocessed as ARN #288937-A3. (Doc. No. 20, Ex E.) However, computer records indicate that Plaintiff submitted ARN #288937-A3 to the Central Office in an untimely

5

manner and not in the proper form. (Doc. No. 8, Att. A, p. 019.) Plaintiff cannot circumvent the administrative process through the filing of untimely appeals. See Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005) (stating that untimely grievances do not satisfy the exhaustion requirement of the Prison Litigation Reform Act). Plaintiff has not presented evidence that he filed an out-of-time grievance after the Central Office found his third appeal (ARN #288937-A3) to be untimely. Plaintiff's non-compliance with BOP regulation precluded a final administrative ruling on the merits of his claims. Accordingly, Plaintiff has not satisfied the PLRA's exhaustion requirement.

Plaintiff's bare allegations regarding defense counsel's fraud against the Court are unsupported. Subsequent filings by both parties have clarified any alleged discrepancies. It is unnecessary to address the remaining grounds set forth in Defendants' Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the portion of Defendants' Motion seeking Summary Judgment (Doc. No. 8) be **GRANTED**. Plaintiff's Complaint should be **DISMISSED**, without prejudice, due to his failure to exhaust his available administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 29th day of November, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)