FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2006 JAN 13 P 1:09

CLERK _____
            OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ELTON RIEARA,

        Plaintiff,

vs.

YOLANDA TUBBS, individually and in
her official capacity, and RICHARD L.
CLEMONS, individually and in his
official capacity,

        Defendants.

CIVIL ACTION NO.: CV204-158

## ORDER

After an independent review of the record, the Court concurs with the Report and Recommendation of the Magistrate Judge, to which Plaintiff filed Objections. In his Objections, Plaintiff asserts the Magistrate Judge did not consider that Plaintiff's appeal, Administrative Remedy Number (ARN) #288937-A3, was untimely because the Central Office mis-processed it. Plaintiff contends that the Magistrate Judge ignored the memorandum from the Administrative Remedy Clerk which supports his contention that he is not at fault for his untimely appeal. Plaintiff also reasserts his arguments concerning Defendants' alleged fraud upon the court. Plaintiff requests that the Court reject the Magistrate Judge's Report and Recommendation, or alternatively, stay the case pending the outcome of the United States Supreme Court's decision in Woodford v. Ngo, Case No. 05-016. In response, the Government filed a Notice of Supplemental Authority directing the court's attention to Woodford. The Government asserts that there is currently a split

AO 72A
(Rev. 8/82)

among circuit courts of appeal as to whether the filing of an untimely appeal satisfies the exhaustion requirement; however, the Government avers that the Magistrate Judge's Report correctly followed current Eleventh Circuit precedent. Plaintiff filed a Response objecting to the Government's contentions and re-asserted his argument that the Court should stay its decision pending the outcome of Woodford.

Contrary to the Plaintiff's assertions, the Magistrate Judge correctly addressed the evidence regarding Plaintiff's exhaustion of his administrative remedies. Although Plaintiff correctly states that the Administrative Remedy Clerk's memorandum supports the refiling of his complaint as ARN #288937-A3, he ignores the fact that the computer records indicate that he did not file this appeal in a timely manner or in the proper form. Further, no evidence exists that Plaintiff filed an out-of-time appeal explaining this deficiency after the Central Office deemed ARN #288937-A3 to be untimely. Thus, no genuine issue of material fact exists regarding Plaintiff's failure to exhaust his administrative remedies.

The Magistrate Judge also appropriately addressed Plaintiff's allegations of fraud. These allegations are unsupported by the evidence of record and any factual discrepancies have been clarified by the parties' pleadings and supporting documentation.

Plaintiff's position that the court should stay the decision pending the Supreme Court's decision in Woodford is also rejected. The Magistrate Judge correctly applied Eleventh Circuit precedent, as dictated by Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005), to decide this case.

Plaintiff's Objections are without merit. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Defendants' Motion to Dismiss, construed as a Motion for Summary Judgment, is **GRANTED**. Plaintiff's Complaint is

AO 72A
(Rev. 8/82)

**DISMISSED,** without prejudice, due to Plaintiff's failure to exhaust his administrative remedies. The Clerk of Court is authorized and directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 13 day of January, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)